UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 4215

---------------------------------------X

ALTIN NICAJ,

                            Plaintiff,            **COMPLAINT**

  -against-  JUDGE TORRES

THE CITY OF NEW YORK, TLC INSPECTOR MARK    PLAINTIFF DEMAND
BEHARRY, shield #1431, TLC INSPECTOR C. LOMBARDI,  TRIAL BY JURY
shield #1141, TLC CAPTAIN MILTON AROCHO,
TLC OFFICERS JANE/JOHN DOE(S) #S 1-10,



                            Defendants.

---------------------------------------X

       Plaintiff ALTIN NICAJ, for his verified complaint, by their attorney DAVID A.

ZELMAN, ESQ., and upon information and belief respectfully allege as follows:

### I. PRELIMINARY STATEMENT

1.    This is a civil rights action in which Plaintiff ALTIN NICAJ (hereinafter "NICAJ") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. It is alleged that Defendants falsely arrested and maliciously prosecuted NICAJ, used excessive force in effecting his arrest, illegally strip searched him, and seized and damaged his property in violation of his constitutional rights. As a result of the excessive force used by Defendants, NICAJ suffered physical and mental injuries.

### II. PARTIES

2.    Plaintiff at all times relevant hereto resided in New York, NY.

3.    Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New

York City Taxi and Limousine Commission (hereinafter "TLC"), and as such is the public employer of the Defendant officers herein.

4. Defendant TLC INSPECTOR MARK BEHARRY, shield #1431 (hereinafter "BEHARRY") was an NYC TLC officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of her employment. BEHARRY is sued in his official and individual capacity.

5. TLC INSPECTOR C. LOMBARDI, shield #1141, (hereinafter "LOMBARDI") was an NYC TLC officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. LOMBARDI is sued in his official and individual capacity.

6. TLC CAPTAIN MILTON AROCHO (hereinafter "AROCHO"), was an NYC TLC officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. AROCHO is sued in his official and individual capacity.

7. Defendants TLC OFFICERS JANE/JOHN DOE(S) (hereinafter "DOE(S)") were NYC TLC officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. DOE(S) are sued in their official and individual capacity.

8. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYC TLC and was acting under the color of law, to wit, under the color of the statutes,

ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

### III. FACTS

9. On or about September 21, 2013, at approximately 1:00 a.m., NICAJ was dropping off passengers in front of 544 West 27 Street, New York, NY. NICAJ then parked his vehicle at or around 27th Street between 10th and 11th Avenues.

10. Approximately 30 minutes later, NICAJ returned to his parked vehicle, where he discovered it being towed by TLC Officers including but not limited to AROCHO.

11. Defendants issued NICAJ a Summons for Knowingly Operating a For Hire Vehicle Without a License, N.Y. ADC § 19-506(b)(1).

12. NICAJ was arrested by Defendants and transferred to the 10th precinct and then to Central Booking.

13. NICAJ was handcuffed tightly and ankle cuffed, strip searched, and detained excessively prior to being arraigned and charged with Obstructing Governmental Administration in the Second Degree, N.Y. Penal Law § 195.05.

14. The TLC charges against NICAJ were dismissed on or about December 18, 2013. The criminal charges against NICAJ were dismissed on or about April 24, 2014. NICAJ had to post approximately $435 for the return of his vehicle after it was seized. Plaintiff was deprived use of his vehicle, and the vehicle sustained damage during the incident.

15. On the 14th day of October, 2013, NICAJ's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the nature of the claim, the time when, the

place where, the manner in which the claim arose and the items of damage and injuries sustained.

16. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

### IV. FIRST CAUSE OF ACTION
### Pursuant to § 1983 (FALSE ARREST)

17. Paragraphs 1 through 16 of this complaint are hereby realleged and incorporated by reference herein.

18. That Defendants had neither valid evidence for the arrest of NICAJ nor legal cause or excuse to seize and/or detain him.

19. That in detaining NICAJ without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the NYC TLC under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. NICAJ was but one of those persons.

20. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

21. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. In addition, the City of New York had and has a

policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

22. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of NICAJ's rights alleged herein.

23. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of NICAJ's rights, subjected NICAJ to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

24. By reason of the foregoing, NICAJ suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## V. SECOND CAUSE OF ACTION
Pursuant to State Law (FALSE ARREST)

25. Paragraphs 1 through 24 are hereby realleged and incorporated by reference herein.

26. That the seizures, detentions and imprisonments of NICAJ were unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

27. That Defendants intended to confine NICAJ.

28. That NICAJ was conscious of the confinement and did not consent to it.

29. That the confinements were not otherwise privileged.

30. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of NICAJ's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

31. That by reason of the foregoing, NICAJ suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### VI. THIRD CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

32. Paragraphs 1 through 31 are hereby realleged and incorporated by reference herein.

33. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

34. That Defendants had no legal cause or reason to use excessive force in effectuating NICAJ's arrest.

35. That Defendants violated NICAJ's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

36. That at the time of the arrest or while in custody, NICAJ did not pose a threat to the safety of the arresting officers.

37. That NICAJ was not actively resisting arrest or attempting to evade arrest.

38. That defendant CITY, through its officers, agents, and employees, unlawfully subjected NICAJ to excessive force while effectuating his arrest.

39. That Defendant's actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

40. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of NICAJ's rights, subjected NICAJ to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

41. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of NICAJ's civil rights, including but not limited to the right to be free from the application of excessive force.

42. That upon information and belief, in 2013, Defendants and CITY had a policy or routine practice of using excessive force when effectuating arrests.

43. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

44. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

45. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of NICAJ's rights alleged herein.

46. By reason of the foregoing, NICAJ suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## VII. FOURTH CAUSE OF ACTION
### Pursuant to State Law (EXCESSIVE FORCE)

47. Paragraphs 1 through 46 are hereby realleged and incorporated by reference herein.

48. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

7

49. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

50. That Defendants had no legal cause or reason to use excessive force in effectuating NICAJ's arrest or after NICAJ was arrested and in custody.

51. That at the time of the arrest, NICAJ did not pose a threat to the safety of the arresting officers.

52. That NICAJ was not actively resisting arrest or attempting to evade arrest.

53. That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

54. That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of NICAJ's rights, subjected NICAJ to excessive force while effectuating his arrest, in violation of the laws of the State of New York.

55. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of NICAJ's civil rights, including but not limited to the right to be free from the application of excessive force.

56. By reason of the foregoing, NICAJ suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### VIII. FIFTH CAUSE OF ACTION
Pursuant to § 1983 (MALICIOUS PROSECUTION)

57. Paragraphs 1 through 56 are hereby realleged and incorporated by reference herein.

58. That Defendants with malicious intent, arrested NICAJ and initiated criminal proceedings despite the knowledge that NICAJ had committed no crime.

59. That all charges against NICAJ have been dismissed.

60. That there was no probable cause for the arrests and criminal proceedings.

61. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of NICAJ's rights, deprived NICAJ of his liberty when they maliciously prosecuted him and subjected him to unlawful, illegal and excessive detentions, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

62. That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, NICAJ was maliciously prosecuted despite the fact that he had committed no violation of the law.

63. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

64. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

65. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of NICAJ's rights alleged herein.

66. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

67. That upon information and belief, in 2013, defendant CITY had a policy or routine practice of alleging facts against persons for the purpose of charging crimes they did not commit.

68. That by reason of the foregoing, NICAJ suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### IX. SIXTH CAUSE OF ACTION
### Pursuant to State Law (MALICIOUS PROSECUTION)

69. Paragraphs 1 through 68 are hereby realleged and incorporated by reference herein.

70. That Defendants acted with malicious intent, arrested NICAJ and initiated criminal proceedings despite the knowledge that NICAJ had committed no crime.

71. All charges against NICAJ have been dismissed.

72. That there was no probable cause for the arrests and criminal proceedings.

73. That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of NICAJ's rights, deprived NICAJ of his liberty when they maliciously prosecuted him in violation of the Laws of the State of New York.

74. That by reason of the foregoing, NICAJ suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## X. SEVENTH CAUSE OF ACTION
### Pursuant to § 1983 (DENIAL OF FAIR TRIAL)

75. Paragraphs 1 through 75 are hereby realleged and incorporated by reference herein.

76. By fabricating evidence, defendants violated NICAJ's constitutional right to a fair trial.

77. Defendants were aware or should have been aware of the falsity of the information used to prosecute plaintiff.

78. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

## XI. EIGHTH CAUSE OF ACTION
### Pursuant to §1983 (FAILURE TO INTERVENE)

79. Paragraphs 1 through 78 are hereby realleged and incorporated by reference herein.

80. That Defendants failed to intervene when Defendants knew or should have known that NICAJ's constitutional rights were being violated.

81. That Defendants had a realistic opportunity to intervene on behalf of NICAJ, whose constitutional rights were being violated in their presence.

82. That a reasonable person in the Defendants' position would know that NICAJ's constitutional rights were being violated.

83. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of NICAJ's rights, deprived NICAJ of his liberty when they failed to intervene to protect him from Defendants' use of excessive force, in violation of NICAJ's rights pursuant to Fourteenth Amendment of the United States Constitution.

84. That upon information and belief, Defendants had a policy and /or custom of failing to intervene to protect citizens from excessive force by police officers. Thus, as a result of the above described policies and customs, NICAJ was not protected from Defendants' unconstitutional actions.

85. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

86. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

87. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of detainees and were the cause of the violations of NICAJ's rights alleged herein.

88. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

89. That by reason of the foregoing, NICAJ suffered physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## XII. NINTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

90. Paragraphs 1 through 89 are hereby realleged and incorporated by reference herein.

91. That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

92. That at all times Defendants were acting within the scope of their employment.

93. That Defendant CITY was able to exercise control over Defendants activities.

94. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior. By reason of the foregoing, NICAJ suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### XIII. TENTH CAUSE OF ACTION
Pursuant to State Law (CONVERSION/PROPERTY DAMAGE)

95. Paragraphs 1 through 94 are hereby realleged and incorporated by reference herein.

96. At the time of his arrest on September 21, 2013, NICAJ was in possession of his vehicle.

97. On or about September 21, 2013, Defendants took the above mentioned property from NICAJ's possession and converted it to their own use and/or damaged the property.

98. That by reason of the foregoing, NICAJ suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress and loss of love, services, consortium, affection, society and companionship.

WHEREFORE, Plaintiff respectfully request that judgment be entered:

1. Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiff interest from September 21, 2013 and

4. Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC § 1988; and

5. Granting such other and further relief as to this Court deems proper.

DATED: Brooklyn, New York
June 10, 2014

DAVID A. ZELMAN, ESQ.
612 Eastern Parkway
Brooklyn, New York 11225
(718)604-3072